IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NUMBERS ENTERPRISES, LLC; STANLEY )<br>J. SMART; TRU BLU TRUCKING, LLC; )<br>SCOTT & SONS TRUCKING, LLC; and )<br>PATRICK STYBLO, Individually and )<br>as the Court-Appointed Personal )<br>Administrator of the Estate of )<br>Patrick Glisson; )<br>)<br>Defendants. )<br>_____) | CASE NO. CV419-166 |

## O R D E R

Before the Court is Plaintiff's Motion for Default Judgment Without a Hearing (Doc. 43), to which Defendants have not responded. In its motion, Plaintiff moves the Court to enter default judgment against Defendants Numbers Enterprises, LLC, Stanley J. Smart, Tru Blu Trucking, LLC, and Scott & Sons Trucking, LLC. (Doc. 43 at 1.) For the following reasons, Plaintiff's motion is **DISMISSED** and Plaintiff is **DIRECTED** to refile its motion within **fourteen (14) days** of this order.

Under Federal Rule of Civil Procedure 55, it is well established that "there is a 'two step procedure for obtaining a default judgment.' " Frazier v. Absolute Collection Serv., Inc.,

767 F. Supp. 2d 1354, 1360 (N.D. Ga. 2011) (citing <u>Deforest v. Johnny Chisholm Glob. Events, LLC</u>, No. 3:08-cv-498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010)). "**First**, the clerk must enter a party's default '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.' " <u>Id.</u> (quoting Fed. R. Civ. P. 55(a)) (emphasis added). After a default is entered, the party must <u>then</u> apply to the court for a default judgment. Fed. R. Civ. P. 55(b). "The law is clear that these two separate steps cannot be combined into one. . . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." <u>Bardfield v. Chisholm Props. Circuit Events, LLC</u>, No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, *6 (N.D. Fla. May 4, 2010).

In this case, Plaintiff has moved the Clerk of Court for entry of default against Tru Blu Trucking (Doc. 29), Scott & Sons Trucking (Doc. 30), Stanley J. Smart (Doc. 40), and Numbers Enterprises (Doc. 41). However, at the time Plaintiff filed this motion, the Clerk had only entered default against Tru Blu Trucking and Scott & Sons Trucking. (Doc. 31.) Accordingly, Plaintiff's motion for default judgment against all four defendants was premature. Because the Clerk has now entered

2

default judgment against each defendant, Plaintiff is **DIRECTED** to refile its motion within **fourteen (14) days** of this order.

SO ORDERED this \_\_8th\_\_ day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA