```
IN THE UNITED STATES DISTRICT COURT FOR
      THE SOUTHERN DISTRICT OF GEORGIA
               SAVANNAH DIVISION
```

PROGRESSIVE MOUNTAIN INSURANCE )
COMPANY,                       )
                               )
     Plaintiff,                )
                               )
v.                             )   CASE NO. CV419-166
                               )
NUMBERS ENTERPRISE, LLC;       )
STANLEY J. SMART; TRU BLU      )
TRUCKING, LLC; SCOTT & SONS    )
TRUCKING, LLC; and PATRICK     )
STYBLO, Individually and as the)
Court-Appointed Personal       )
Administrator of the Estate of )
Patrick Glisson;               )
                               )
     Defendants.               )
_____)

## O R D E R

Before the Court is Plaintiff Progressive Mountain Insurance Company's ("Progressive") Motion for Summary Judgment (Doc. 42), which Defendant Patrick Styblo does not oppose (Doc. 50). For the following reasons, Progressive's motion (Doc. 42) is **GRANTED**.

### BACKGROUND

This action concerns a commercial automobile insurance policy issued by Progressive to Defendant Numbers Enterprise, LLC. (Doc. 22 at ¶ 25.) On December 9, 2016, a 1992 Mack dump truck (VIN 1M2P264C2NM01878) (the "Tractor") driven by former Defendant James Moore collided with another vehicle, killing Patrick Glisson. (Doc. 22 at ¶ 18; Doc. 42, Attach. 2 at 1; Doc. 50, Attach. 1 at

¶ 1.) At the time of the accident, Moore was an employee of Defendant Tru Blu Trucking, LLC and/or former Defendant B&N Trucking, Inc. and the Tractor was owned by Defendant Tru Blu Trucking. (Doc. 42, Attach. 2 at 1; Doc. 50, Attach. 1 ¶¶ 6, 9.)

After the accident, Defendant Patrick Styblo, as the Administrator of Glisson's estate, filed a personal injury action in the State Court of Chatham County, Georgia, seeking wrongful death damages and survival damages against several defendants, including Defendants Numbers Enterprise, LLC, Stanley J. Smart, and Tru Blu Trucking, LLC.[1] (Doc. 42, Attach. 2 at 8-9.) Although Progressive was not involved in the State Court action, at the time of the accident, Defendant Numbers Enterprise was insured under a Commercial Auto Policy issued by Progressive (Policy No. 03996299-0) (the "Policy"). (Doc. 22 at 12.)

To resolve any uncertainty as to the availability of insurance coverage under the Policy, Progressive brought this declaratory judgment action under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 on July 10, 2019. (Doc. 1.) Specifically, Progressive seeks a declaration that it is not responsible for and does not

---

[1] Defendant Styblo filed his first personal injury action in the State Court of Chatham County on December 6, 2018, but Defendant Styblo later dismissed that action. See Styblo v. Praetorian Ins. Co., No. STCV-18-01950 (Ga. St. Ct. 2018). On March 25, 2020, Defendant Styblo refiled his State Court action, which is presently pending before the State Court of Chatham County. See Styblo v. Praetorian Ins. Co., No. STCV-20-00596 (Ga. St. Ct. 2020).

2

owe defense or indemnity for any claims arising from the accident because the Tractor is not a covered vehicle under the terms of the Policy. (Doc. 22 at 8-9.) Plaintiff has now filed a Motion for Summary Judgment against Defendant Styblo.[2] (Doc. 42.) In response, Defendant Styblo "does not oppose the grant of summary judgment to [] Progressive in this matter based on the policy provided to the parties . . . ." (Doc. 50 at 2.)

**STANDARD OF REVIEW**

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

---

[2] Before Progressive filed its motion for summary judgment, B&N Trucking, Inc., Praetorian Insurance Company, Kinder Morgan, Inc., Southern LNG Company, LLC, Southern Liquefaction CO., LLC, Elba Liquefaction Company, LLC, IHI E&C International Company, and James Moore were dismissed from this action. (Docs. 28, 45.) As a result, only Numbers Enterprise, Stanley J. Smart, Tru Blu Trucking, Scott & Sons Trucking, LLC, and Patrick Styblo remain as defendants in this case. However, as of July 20, 2020, the Clerk of Court has entered default against Numbers Enterprise, Stanley J. Smart, Scott & Sons Trucking, and Tru Blu Trucking, and Progressive has moved for default judgment against them. (Docs. 31, 52, 53, 55.)

3

587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323, 106 S. Ct. at 2553. The burden then shifts to the nonmoving party to establish, by going beyond the pleadings, that there is a genuine issue concerning facts material to its case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587-88, 106 S. Ct. at 1356. However, the nonmoving party "must do more than simply show

4

that there is some metaphysical doubt as to the material facts." Id., 475 U.S. at 586, 106 S. Ct. at 1356. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

**ANALYSIS**

Progressive requests that the Court enter summary judgment against Defendant Styblo on Progressive's claim for declaratory judgment. (Doc. 42, Attach. 1 at 1.) Progressive seeks a declaration that, under the Policy, it has no duty to defend or indemnify any individual or entity in connection with the subject accident. (Id.)

Progressive contends that the Policy is a "scheduled auto" policy, wherein "the coverage is tied to a specific auto [] described . . . or that auto's replacement or temporary substitute." (Doc. 42, Attach. 1 at 6.) Under the Policy, Progressive provides liability coverage for bodily injury or property damage that an "insured" becomes legally responsible to pay because of an accident arising from the use of an "insured auto." (Doc. 22 at ¶ 26; Doc. 42, Attach. 2 at 4; Doc. 50, Attach.

5

1 at ¶ 18.) An "insured," under Part I—Liability to Others—of the Policy, is defined as:

> 1. [Numbers Enterprise] with respect to an insured auto.
> 2. Any person while using, with [Numbers Enterprise's] permission, and within the scope of that permission, an insured auto [Numbers Enterprise] own[s], hire[s], or borrow[s] except:
>    a. A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing autos, unless that business is [Numbers Enterprise's] and it was so represented in [Numbers Enterprise's] application.
>    b. A person, other than one of [Numbers Enterprise's] employees, partners (if [Numbers Enterprise] [is] a partnership), members (if [Numbers Enterprise] [is] a limited liability company), officers or directors (if [Numbers Enterprise] [is] a corporation), or lessee or borrower or any of their employees, while he or she is moving property to or from an insured auto.
>    c. The owner or anyone else from whom the insured auto is leased, hired, or borrowed unless the insured auto is a trailer connected to a power unit that is an insured auto. However, this exception does not apply if the insured auto is specifically described on the declarations page.
> 3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I-Liability to Others.

(Doc. 22 at 21 (emphasis omitted).)

The Policy defines "insured auto" as:

> a.  Any auto specifically described on the declarations page; or
> b.  An additional auto for Part I-Liability to Others and/or Part II-Damage to Your Auto on the date [Numbers Enterprise] [became] the owner if:
>     i.  [Numbers Enterprise] acquire[d] the auto during the policy period shown on the declarations page;

```
            ii.   [Progressive] insure[s] all autos owned by
                  [Numbers  Enterprise]  that  are  used  in
                  [Numbers Enterprise's] business;
           iii.   no other insurance policy provides coverage
                  for that auto; and
            iv.   [Numbers Enterprise] tell[s] us within 30
                  days after [Numbers Enterprise] acquire[s]
                  it  that  [Numbers  Enterprise]  want[s]
                  [Progressive]  to  cover  it  for  that
                  coverage.
     * * * *
     c.    Any  replacement  auto  on  the  date  [Numbers
           Enterprise] become[s] the owner if:
             i.   [Numbers Enterprise] acquire[s] the auto
                  during  the  policy  period  shown  on  the
                  declarations page;
            ii.   the  auto  that  [Numbers  Enterprise]
                  acquire[s]  replaces  one  specifically
                  described on the declarations page due to
                  termination  of  [Numbers  Enterprise's]
                  ownership of the replaced auto or due to
                  mechanical breakdown of, deterioration of,
                  or loss to the replaced auto that renders
                  it permanently inoperable; and
           iii.   no other insurance policy provides coverage
                  for that auto.
```

(Doc. 22 at 17-18 (emphasis omitted); Doc. 42, Attach. 2 at 4-5; Doc. 50, Attach. 1 at ¶ 19.) When used in Part I-Liability to Others, "insured auto" also includes:

1. Trailers designed primarily for travel on public roads, while connected to [Numbers Enterprise's] insured auto that is a power unit;
2. Mobile equipment while being carried or towed by an insured auto; and
3. Any temporary substitute auto.

(Doc. 42, Attach. 2 at 5; Doc. 50, Attach. 1 at ¶ 20.) The Policy further defines "temporary substitute auto" as: "Any auto [Numbers Enterprise] do[es] not own while used with the permission of its owner as a temporary substitute for an insured auto that has been

7

withdrawn from normal use due to breakdown, repair, servicing, loss or destruction." (Doc. 42, Attach. 2 at 5-6; Doc. 50, Attach. 1 at ¶ 21.)

In sum, the Policy limits liability coverage to accidents involving (1) autos specifically described on the declarations page to the Policy; (2) after-acquired autos; (3) replacement autos; and (4) temporary substitute autos. Progressive argues that the Tractor is not an "insured auto" because the Tractor is not specifically described on the declarations page to the Policy and also that the Tractor does not constitute an after-acquired auto, replacement auto, or temporary substitute auto under the Policy. (Doc. 42, Attach. 1 at 9.) Because the Tractor is not an "insured auto" under the Policy, Progressive argues that it has no duty to defend or indemnify any individual or entity in relation to claims, lawsuits, or actions arising from or relating to the accident, including but not limited to Defendant Styblo's State Court action. (Doc. 42, Attach. 1 at 11; Doc. 42, Attach. 2 at 7; Doc. 50, Attach. 1 at ¶¶ 28-29.) Defendant Styblo, in response, agrees that the Policy covers only "listed" autos and that summary judgment should be granted to Progressive based on the Policy. (Doc. 50 at 1.)

After reviewing the record in this case, the Court is satisfied that Progressive has established the absence of any genuine issue of material fact that it does not have a duty to

defend or indemnify any individual or entity in connection with the subject accident. As an initial matter, it is undisputed that Georgia's law of contract interpretation applies in this case. (Doc. 42, Attach. 1 at 6; Doc. 50 at 1.) See Travelers Prop. Cas. Co. of Am. v. Moore, 763 F.3d 1265, 1270 (11th Cir. 2014) ("Georgia follows the *lex loci contractus* rule, under which contracts are to be governed as to their nature, validity and interpretation by the law of the place where they were made."). Under Georgia's rules of contract interpretation, where "the terms and conditions of an insurance contract are clear and unambiguous, they must be given their literal meaning." Adams v. Atlanta Cas. Co., 235 Ga. App. 288, 289, 509 S.E.2d 66, 68 (1998).

In the Court's view, the unambiguous terms of the Policy exclude coverage on the Tractor. The Tractor's VIN number (1M2P264C2NM01878) is not described on the declarations page of the Policy (Doc. 22 at 13) and Defendant Styblo has not demonstrated that the Tractor was an after-acquired auto, replacement auto, or a temporary substitute auto as defined under the Policy. Because the Tractor is not an "insured auto" under the Policy, Progressive is not obligated to defend or indemnify any individual or entity in relation to claims, lawsuits, or actions arising from or relating to the accident on December 9, 2016. Therefore, the Court **GRANTS** summary judgment in favor of Progressive against Defendant Styblo.

## CONCLUSION

For the foregoing reasons, Progressive's motion for summary judgment (Doc. 42) is **GRANTED** and the Clerk of Court is **DIRECTED** to enter judgment in favor of Progressive against Defendant Styblo. SO ORDERED this 15th day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA